## FOLEY v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. January 26, 1927.)

No. 2079.

Intoxicating liquors ⬳236(11), 238(4)—In prosecution for aiding another to sell liquor, finding alcohol was sold for beverage held warranted, and directed verdict properly refused (Act Oct. 28, 1919, tit. 2, § 3 [Comp. St. § 10138½aa]).

In prosecution for aiding, inducing, and procuring another to sell intoxicating liquor, in violation of Act Oct. 28, 1919, tit. 2, § 3 (Comp. St. § 10138½aa), evidence *held* to warrant finding that alcohol was sold for beverage purposes, and was fit for such purposes, and accused's motion for directed verdict at close of evidence was properly denied.

In Error to the District Court of the United States for the District of Maine; John A. Peters, Judge.

William A. Foley was convicted of having aided, abetted, counseled, induced, and procured another to sell intoxicating liquors in violation of statute, and he brings error. Affirmed.

Essex S. Abbott, of Boston, Mass. (Joseph V. Carroll, of Boston, Mass., and John F. A. Merrill, of Portland, Me., on the brief), for plaintiff in error.

Frederick R. Dyer, U. S. Atty., of Portland, Me. (William B. Nulty, Asst. U. S. Atty., of Portland, Me., on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. The respondent Foley was indicted in the federal District Court for Maine in six counts; the first three charging sales of intoxicating liquor, and the last three charging him with having aided, abetted, counseled, induced, and procured another to sell intoxicating liquor, in violation of section 3, tit. 2, of the Act of Congress of October 28, 1919 (Comp. St. § 10138½aa). The case was submitted to the jury on the last three counts, and a verdict of guilty was returned.

At the close of the evidence the respondent moved for a directed verdict on the grounds that the alcohol was not introduced in evidence nor any part of it, that there was no analysis of the alcohol offered, and that there was no evidence introduced to show that the substance alleged to have been sold by one Letz was alcohol. The motion was denied, subject to exception. This constitutes the only error assigned that is now relied upon.

The government's evidence tended to prove that the respondent was a police officer at Portland, doing traffic duty at Longfellow's Square on Congress street; that on or about March 22, 1926, one Letz appeared in Portland with an automobile and several gallons of alcohol; that he approached the respondent while on duty and solicited his assistance in disposing of the liquor; that the respondent interviewed various parties in Portland, and informed them that he had a

friend with alcohol to sell, and recommended that they purchase it in quantities of 10 gallons, at the price of $12 a gallon; that he told them he would vouch for the quality of the alcohol, and that the price was reasonable; that he thereafter introduced Letz to these parties, several of whom purchased alcohol of Letz, in quantities of 10 gallons, for which they, respectively, paid $120; that one of the parties gave a check to Letz payable to "cash" for $120, in payment for the alcohol purchased by him; that this check was introduced in evidence and bore upon its back the indorsement of the respondent in his handwriting. There was also evidence, admitted without exception, that one of the parties to whom the alcohol was sold had it tested and found it to be grain alcohol.

Inasmuch as the evidence shows that the liquor was sold for alcohol and was tested and found to be alcohol, that the price charged for it was $12 a gallon, that its quality at the time of the sale was vouched for, and the price charged ($12 a gallon) was then claimed to be very reasonable, we think the jury was warranted in finding that it was alcohol, that it was sold for beverage purposes, and that it was fit for the purpose for which it was sold. In other words that there is no foundation either in fact or in law for the motion here in question. There was abundant evidence that the liquor sold was alcohol fit for beverage purposes. Section 1 of title 2 of the Act (Comp. St. § 10138½) names alcohol as one of the class of liquors which it specifically defines as intoxicating liquor. But, irrespective of this, the evidence was such as to warrant a finding that the liquor was intoxicating.

The judgment of the District Court is affirmed.